I must respectfully dissent with the opinion of the majority in this cause.
Appellant had bowled previously, although not at Park Lanes. Since the application of the lane conditioning oil is a required standard practice, the fact that she had not bowled at these lanes is of no consequence.
She was a participant in that she had rented shoes and bowled for a couple of hours.
Appellant saw a child slip, saw oil on the ball and repeatedly wiped it off and was aware oil was present.
In addition, she crossed into a closed lane, past the foul line and fell.
It is this writer's opinion that:
(1) The condition was obvious.
(2) She was a participant.
 (3) She entered a closed lane in an area not open, to the participants or observers.
The majority opinion will require a posting, at least, of warning signs in every bowling lanes in the State of Ohio, and elsewhere, if followed by other Courts.
It is a continued slip in making everyone an insurer of their premises, notwithstanding the obvious.
 _____________________ JUDGE JOHN F. BOGGINS